UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-2065 CAS(PLAx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | GENERAL MOTORS CORP, v X-TREME TOYS CORP., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Brent Blakely | Ronald Martinetti |

**Proceedings:** DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT (filed 10-31-07)

**I.    INTRODUCTION**

On March 29, 2007, plaintiff/counter defendant General Motors Corporation ("General Motors") filed a complaint under seal against numerous defendants, including X-Treme Toys Corporation ("X-Treme"). Concurrently therewith, General Motors filed an *ex parte* application for a temporary restraining order, which the Court granted on March 30, 2007. General Motors alleges that it holds trademarks relating to the Hummer brand of cars and trucks, including trademarks for toys, toy vehicles, models of vehicles, hobby kits, radio controlled cars, and board games ("Hummer marks"). General Motors alleges that X-Treme and others have sold, distributed, advertised, and marketed toy car products that infringe the Hummer marks.

On April 16, 2007, X-Treme filed its answer. The Court unsealed the action on April 24, 2007. On May 10, 2007, the Court entered an order preliminarily enjoining defendants from using the Hummer marks.

On September 20, 2007, the Court entered an order, permitting the complaint to be amended to name additional defendants, including Hoa Cheng ("Cheng") and Kelly Lam ("Lam"), in place of Does 1 through 6. On October 29, 2007, General Motors filed the first amended complaint ("FAC") against numerous defendants, including X-Treme, Cheng, and Lam (hereinafter "defendants"). The FAC alleges claims against all defendants for (1) federal trademark infringement; (2) federal trademark dilution; (3) common law unfair competition; (4) unfair competition, in violation of California Business and Professions Code § 17200; and (5) violation of the California Anti-Dilution

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-2065 CAS(PLAx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | GENERAL MOTORS CORP, v X-TREME TOYS CORP., ET AL. | | |

Statute, California Business and Professions Code § 14330.

On October 29, 2007, Lam filed a motion for more definite statement, pursuant to Federal Rule of Civil Procedure 12(e). On October 31, 2007, defendants filed the instant motion for more definite statement.[1] General Motors filed an opposition thereto on November 11, 2007. Defendants did not file a reply. Defendants' motion is presently before the Court.

**II.  DISCUSSION**

Federal Rule of Civil Procedure 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(e) provides, in relevant part, that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." A Rule 12(e) motion for a more definite statement "[is] viewed with disfavor and [is] rarely granted because of the minimal pleading requirements of the Federal Rules." Sagan v. Apple Computer, Inc., 874 F.Supp. 1072, 1077 (C.D. Cal. 1994). Moreover, courts have held that if discovery will provide the detail sought by a motion for more definite statement, the motion should be denied. Beery v. Hitachi Home Electronics, Inc., 157 F.R.D. 477, 480 (C.D. Cal 1993).

Defendants assert that Cheng is the president of X-Treme. Defendants further assert that Lam is employed by X-Treme as a salesperson and purchaser. Defendants argue that a more definite statement is required because the FAC contains no allegations describing the wrongful conduct alleged as to Cheng or Lam so as to enable them to understand the basis for General Motors' claims against them.

The FAC names X-Treme, Cheng, and Lam, individually, as "Defendants." FAC, 2. The FAC further alleges that "Defendants have advertised and promoted counterfeit 'GM Hummer' merchandise and thereby caused harm to [General Motors]" and that

---

[1] Because the arguments and relief requested in Lam's October 29, 2007 motion are duplicated in the October 31, 2007 motion filed by defendants, the Court DENIES Lam's October 29, 2007 motion for a more definite statement as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-2065 CAS(PLAx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | GENERAL MOTORS CORP, v X-TREME TOYS CORP., ET AL. | | |

"Defendants caused, directly or indirectly, third parties to advertise and promote the counterfeit 'GM Hummer' merchandise, and thereby caused harm to GM." Id. ¶ 42 The FAC further alleges that "[General Motors] is informed and believes and thereon alleges that the individual Defendants actively and knowingly authorized, ratified, directed controlled [sic], supervised participated [sic] in and/or were the moving force behind the manufacturing, purchase, promotion, sale and/or distribution of merchandise bearing [the Hummer marks]." Id. ¶ 43. These allegations are not so vague or ambiguous as to prevent Cheng and Lam from filing responsive pleadings. Accordingly, General Motors need not file a more definite statement regarding the basis for Cheng's and Lam's liability in this action.

Defendants further argue that, although discovery has been conducted, General Motors has not set forth factual allegations in support of its claim that it is entitled to punitive damages.

The FAC requests punitive damages in connection with its state law claims. FAC, 16. Punitive damages are not available for unfair competition claims brought pursuant to § 17200 et seq. Turnbull & Turnbull v. ARA Transp., 219 Cal. App. 3d 811, 826-27 (1990); In re Wal-Mart Stores, Inc., 505 F, Supp. 2d 609, 620-21 (N.D. Cal. 2007). However, punitive damages are available for common law unfair competition claims, pursuant to California Civil Code § 3294(a). Duncan v. Stuetzle, 76 F.3d 1480, 1490 (9th Cir. 1996) ("We are aware of no authority which suggests that [§ 3294(a)] may not be applied to common law unfair competition claims."). Section 3294(a) provides that in an action for breach of a non-contractual obligation, "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover for the sake of example and by way of punishing the defendant."

In this case, the FAC alleges that defendants, by falsely holding out their products as if these products were affiliated with General Motors, engaged in conduct that was extreme, outrageous, and fraudulent, so as to warrant punitive damages. FAC, ¶ 66, 71. It cannot be said that these pleadings are so vague or ambiguous that a more definite statement on the issue of punitive damages is required.

### III. CONCLUSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-2065 CAS(PLAx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | GENERAL MOTORS CORP, v X-TREME TOYS CORP., ET AL. | | |

In accordance with the foregoing, the Court DENIES defendants' motion for a more definite statement.

/ / /
/ / /
/ / /
/ / /

Additionally, defendants Lam and Cheng are hereby granted 20 days from the date of this Order to file an answer to the FAC.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-2065 CAS(PLAx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | GENERAL MOTORS CORP, v X-TREME TOYS CORP., ET AL. | | |

|  | 00 : 06 |
|---|---|
| Initials of Preparer | CMJ |