UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2065 CAS (PLAx) | Date | May 5, 2008 |
|---|---|---|---|
| Title | GENERAL MOTORS v. X-TREME TOYS CORP; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Brent Blakely<br>Cindy Chan | Not Present |

**Proceedings:** PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION OF CLAIMS AGAINST DEFENDANTS X-TREME TOYS CORP.; ET AL. (filed 3/21/08)

ORDER TO SHOW CAUSE WHY AA IMPORTER, INC. SHOULD NOT BE HELD IN CONTEMPT OF THIS COURT'S PRELIMINARY INJUNCTION DATED 5/10/07

MOTION FOR ORDER TO BE RELIEVED AS ATTORNEY OF RECORD FOR AA IMPORTER, INC. (filed 4/11/08)

## I.  INTRODUCTION

On March 29, 2007, plaintiff/counter defendant General Motors Corporation ("General Motors") filed a complaint under seal against numerous defendants. Concurrently therewith, General Motors filed an *ex parte* application for a temporary restraining order, which the Court granted on March 30, 2007. General Motors alleges that it holds trademarks relating to its Hummer and H2 brand of cars and trucks, including trademarks for toys, toy vehicles, models of vehicles, hobby kits, radio controlled cars, and board games. Among these marks are three at issue in this case -- U.S. Registration Nos. 2926350, 2994281, and 3014908 ("the Hummer marks") -- which pertain to the body and design components of toys that resemble Hummer brand vehicles. General Motors further alleges that it holds registered word marks for "Hummer" and "H2."

General Motors alleges that defendants have sold, distributed, advertised, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2065 CAS (PLAx) | Date | May 5, 2008 |
|---|---|---|---|
| Title | GENERAL MOTORS v. X-TREME TOYS CORP; ET AL. | | |

marketed toy car products that infringe the Hummer marks. General Motors alleges claims for (1) federal trademark infringement; (2) federal trademark dilution; (3) unfair competition; (4) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.; and (5) violation of Cal. Bus. & Prof. Code § 14330.

On April 30, 2007, defendant AA Importer, Inc. ("AA Importer") filed an answer and counterclaimed against General Motors. General Motors answered AA Importer's counterclaim on May 15, 2007.

On May 10, 2007, the Court issued a preliminary injunction, which among other things, enjoined defendants from using the Hummer marks in connection with the marketing, manufacture, distribution or sale of goods; committing any acts calculated to deceive purchasers into believing that defendants' products are connected with General Motors; or disposing of any products, labels, documents, or other evidence relating to the manufacture, purchase, distribution, or marketing of goods falsely bearing the Hummer marks.

General Motors filed a first amended complaint ("FAC") on October 29, 2007, against numerous defendants, including X-Treme Toys Corp. ("X-Treme"); Hoa Cheng, a.k.a. Steve Cheng ("Cheng"); Kelly Lam ("Lam"); AA Importer; and Tack Cheung Corporation ("Tack Cheung"). On November 1, 2007, General Motors filed an amendment to the FAC, adding Tina Trinh ("Trinh") as party defendant in place of Doe 7.

On March 21, 2008, General Motors filed the instant motion for summary adjudication as to its federal trademark infringement claim against X-Treme, Cheng, Lam, AA Importer, and Tack Cheung. On March 31, 2008, General Motors filed notice of its settlement with X-Treme, Cheng, Lam, and Tack Cheung. Thus, General Motors' motion for summary adjudication pertains only to AA Importer.

On April 2, 2008, the Court issued an order to show cause why AA Importer should not be held in contempt of the Court's May 10, 2007 preliminary injunction order. On April 10, 2008, General Motors filed a proof of service, indicating that the order to show cause was served on AA Importer on or about April 7, 2008.

On April 11, 2008, counsel for AA Importer, Frank T. Oo ("Oo"), filed a motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2065 CAS (PLAx) | Date | May 5, 2008 |
|---|---|---|---|
| Title | GENERAL MOTORS v. X-TREME TOYS CORP; ET AL. | | |

be relieved as counsel. On April 14, 2008, a hearing was held regarding General Motors' motion for summary adjudication. Oo appeared at the hearing and informed the Court that AA Importer is a defunct corporation.

AA Importer has not responded to the Court's order to show cause and it has not filed oppositions in regard to General Motors' motion for summary adjudication or Oo's motion to be relieved as counsel. AA Importer did not attend the May 5, 2008 hearing that addressed all three of these matters.[1]

## II.    LEGAL STANDARD

Summary adjudication differs from summary judgment only in that it applies to one or some of the claims alleged in a complaint, rather than all of the claims. Moxley v. Texaco, Inc., 2001 U.S. Dist. LEXIS 3930, at *6 (C.D. Cal. 2001).

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case,

---

[1] Under Local Rule 7-12, the failure to file an opposition may be deemed consent to the granting of a motion. Likewise, pursuant to Local Rule 7-14, the failure of counsel to appear on behalf of a party at a scheduled hearing may be deemed consent to a ruling upon the motion adverse to that counsel's position.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2065 CAS (PLAx) | Date | May 5, 2008 |
|---|---|---|---|
| Title | GENERAL MOTORS v. X-TREME TOYS CORP; ET AL. | | |

and on which that party will bear the burden of proof at trial." Id. at 322. See also Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## III.   DISCUSSION

### A.   Motion for Summary Adjudication

#### 1.   Factual Background

Under Local Rule 56-3,

> [i]n determining any motion for summary judgment, the Court will assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the [nonmoving party's] "Statement of Genuine Issues" and (b) controverted by declaration or other written evidence filed in opposition to the motion.

Because AA Importer has not filed a Statement of Genuine Issues, for the purposes of this motion for summary adjudication, the Court accepts as true the material facts claimed by General Motors to the extent that these facts are adequately supported.

General Motors manufactures the Hummer and Hummer H2 ("H2") lines of vehicles. Declaration of Leticia Gilbert ("Gilbert Decl.") ¶¶ 8-9. In 2005, General

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2065 CAS (PLAx) | Date | May 5, 2008 |
|---|---|---|---|
| Title | GENERAL MOTORS v. X-TREME TOYS CORP; ET AL. | | |

Motors registered the Hummer marks with the United States Patent and Trademark Office.  Id. ¶ 13, Ex. 3.  These marks pertain to the body and design components of General Motors' Hummer vehicles as used in toys, toy vehicles, models of vehicles, hobby kits, and radio controlled cars.  Id. ¶ 13.

General Motors asserts that it has expended several million dollars a year in advertising the Hummer marks and the goods and services associated with them.  Id. ¶ 11.  General Motors asserts that the Hummer marks have been continually used in commerce since they were first issued.  Id. ¶ 17.  Additionally, General Motors avers that it has used the Hummer marks prominently and continuously for several years to identify General Motors as the source of products bearing the Hummer marks.  Id. ¶ 20.  General Motors claims to have widely advertised and promoted the Hummer marks.  Id. ¶ 21.  In addition, General Motors asserts that it licenses the Hummer marks to toy manufacturers and distributors.  Id. ¶ 22.

General Motors avers that it requested an investigation into the sale, manufacture, distribution, and/or advertising of the Hummer marks in Los Angeles.  Declaration of Carlos Fernandez ("Fernandez Decl.") ¶ 8.  General Motors asserts that, as a result of this investigation, it learned that AA Importers was involved in the sale, offer for sale, manufacture, distribution, and advertising of counterfeit Hummer toy products.  Id. ¶ 9.

According to General Motors, pursuant to the Court's March 30, 2007 temporary restraining order, a total of 237 toy products that infringe the Hummer marks were seized from AA Importers' premises, located in Los Angeles.  Id. ¶¶ 11-12, Ex. 1.  General Motors asserts that these products mimic the designs that are protected by the Hummer marks and that, although these products resemble General Motors' authentic toy car products, they do not bear any original labels or tags that are normally affixed to products licensed by General Motors.  Gilbert Decl. ¶¶ 30-31.  General Motors also asserts that these products are of inferior quality as compared to authentic General Motors toy car products, with respect to the materials used, the construction of the products, and their overall appearance.  Id. ¶ 32.

In support of its motion for summary adjudication, General Motors proffers photographs of some of the allegedly infringing toy products, several of which bear the label "H2" on their packaging.  Fernandez Decl. ¶ 12, Ex. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2065 CAS (PLAx) | Date | May 5, 2008 |
|---|---|---|---|
| Title | GENERAL MOTORS v. X-TREME TOYS CORP; ET AL. | | |

**2.     Elements of a Trademark Claim**

To prevail on its claim for trademark infringement, General Motors must show that (1) it has a protected interest (or trademark right) in the Hummer marks and (2) that AA Importer's use of the Hummer marks is likely to cause consumer confusion and thus infringe upon that interest. Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1354 (9th Cir. 1985).

**a.     Protected Interest**

The registration of a mark on the federal Principal Register in the Patent and Trademark Office constitutes prima facie evidence of the validity of the registered mark and of an entity's exclusive right to use the mark on the goods and services specified in the registration. 15 U.S.C. § 1057(b); Applied Info. Scis. Corp. v. eBay, Inc., 511 F.3d 966, 970 (9th Cir. 2007) (citing Brookfield Communs. v. W. Coast Entm't Corp., 174 F.3d 1036, 1047 (9th Cir. 1999)). Because General Motors has set forth evidence showing that the Hummer marks are registered with the Patent and Trademark Office, it has made a prima facie showing that it has a protected interest in the Hummer marks.

**b.     Likelihood of Confusion**

"The likelihood of confusion is the central element of trademark infringement, and the issue can be recast as the determination of whether 'the similarity of the marks is likely to confuse customers about the source of the products.'" GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1205 (9th Cir. 2000) (quoting Official Airline Guides v. Goss, 6 F.3d 1385, 1391 (9th Cir. 1993)). The determination of a likelihood of confusion is guided by the so-called Sleekcraft factors: (1) the strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. AMF, Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979); GoTo.com, 202 F.3d at 1205.

"This likelihood of confusion test is not meant to create 'requirements or hoops' that a district court need jump through to make a determination. E. & J. Gallo Winery v. Pasatiempos Gallo, S.A., 905 F. Supp. 1403, 1412 (E.D. Cal. 1994) (quoting Eclipse

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2065 CAS (PLAx) | Date | May 5, 2008 |
|---|---|---|---|
| Title | GENERAL MOTORS v. X-TREME TOYS CORP; ET AL. | | |

Assocs. Ltd. v. Data Gen. Corp., 894 F.2d 1114, 1118 (9th Cir. 1990)). A court "need not recite and apply specific factors. Rather, these non-exclusive factors serve as helpful guidelines to the Court." Id. at 1412-13 (citation omitted). Weighing these factors, the Court finds that General Motors has set forth a prima facie case for the likelihood of confusion element.

"A strong trademark is distinctive in that the public is aware of the mark and associates that mark with a single business or source of supply." E. & J. Gallo, 905 F. Supp. at 1413. The Hummer marks pertain to distinctive automobile shapes and designs that are associated with General Motors' line of Hummer vehicles. See Ferrari S.P.A. Esercizio Fabriche Automobili E Corse v. Roberts, 944 F.2d 1235, 1242 (6th Cir. 1991) (automobile designs that were "unquestionably distinctive" indicated that automobile manufacturer's mark was "very strong"). General Motors has adduced evidence showing that it has expended large sums of money to promote and disseminate the Hummer marks. See Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1179 (9th Cir. 1988) (fact that real estate company had expended millions of dollars in advertising real estate services in connection with its mark and that the mark had been used in connection with real estate sales in excess of one billion dollars was evidence of the strength of the mark). This evidence indicates that the Hummer marks satisfy the first of the Sleekcraft factors.

The proximity of the goods factor examines the degree to which the allegedly infringing products are related to those of the trademark holder. Here, this factor is satisfied because both the allegedly infringing goods sold by AA Importer and the goods with respect to which General Motors seeks trademark protection are toy vehicles.

The allegedly infringing goods also bear similarities to the Hummer marks. The photographs proffered by General Motors indicate that these goods exhibit many of the characteristics of the Hummer marks, including their distinctively boxy bodies, beveled wheel wells, smaller windows in relation to the size of the body panels, and flat roofs. Accordingly, the Court finds and concludes that the "similarity" factor has been satisfied.

"Similarity of trade channels does not require sales of both parties' goods by identical vendors, but only by 'the same type of distribution channels," e.g., supermarkets and grocery stores." E. & J. Gallo, 905 F. Supp. at 1413 (quoting Century 21 Real Estate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2065 CAS (PLAx) | Date | May 5, 2008 |
|---|---|---|---|
| Title | GENERAL MOTORS v. X-TREME TOYS CORP; ET AL. | | |

Corp. v. Century Life of Am., 970 F.2d 874, 877 (Fed. Cir. 1992). In this case, the allegedly infringing goods are sold in the same marketing channels as are the products with respect to which General Motors seeks trademark protection, *viz.*, toy stores or toy distributors.

With respect to the "degree of care" factor, "[s]imilar trademarks are more likely to result in confusion when the products at issue are of relatively low cost, where buying decisions are made quickly and without extensive study, and where certain consumers are not sophisticated." Id. Such is the case here because the allegedly infringing items -- children's toys -- are relatively low cost and are generally marketed toward an unsophisticated class of consumers: children.

A defendant's intent to capitalize on another's brand may be established by direct or circumstantial evidence. Id. Here, apart from the aforementioned similarities between AA Importers' allegedly infringing goods and the Hummer marks, the fact that some of these goods bear an "H2" label on their packaging -- an apparent reference to General Motors' H2 line of vehicles -- suggests that AA Importers intended to capitalize on General Motors' mark. See AMF, Inc. v. Sleekcraft Boats, 599 F.2d 341, 354 (9th Cir. 1979) ("When the alleged infringer knowingly adopts a mark similar to another's, reviewing courts presume that the defendant can accomplish his purpose: that is, that the public will be deceived.").

Thus, six of the eight Sleekcraft factors suggest that AA Importers' sale and marketing of the allegedly infringing items give rise to a likelihood of consumer confusion. Therefore, the Court finds that General Motors has met its burden of establishing this element of its trademark infringement claim.

Because no opposition has been filed and because General Motors has established both required elements to prevail on its trademark infringement claim, and because AA Importer had failed to offer any evidence or argument in rebuttal, summary adjudication in favor of General Motors is appropriate as to its trademark infringement claim. Accordingly, the Court GRANTS General Motors' motion for summary adjudication.

B.     **Order to Show Cause and Motion to Be Relieved as Counsel**

AA Importer has not responded to the Court's order to show cause why it should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2065 CAS (PLAx) | Date | May 5, 2008 |
|---|---|---|---|
| Title | GENERAL MOTORS v. X-TREME TOYS CORP; ET AL. | | |

not be held in contempt of the Court's May 10, 2007 preliminary injunction. It also did not respond to Oo's motion to be relieved as counsel. Additionally, AA Importer did not appear at the May 5, 2008 hearing, which addressed both the order to show cause and Oo's motion to be relieved as counsel.

General Motors has filed a proof of service as to the order to show cause. Because AA Importer failed to respond to this order to show cause and failed to appear at the hearing on this matter, the Court hereby holds AA Importer in contempt of its preliminary injunction order.

Oo's motion to be relieved as counsel is based on his assertions that AA Importer is a defunct corporation, that it has terminated him, and that it has indicated to him its inability to pay his fees. Good cause having been shown and there being no opposition from AA Importer, the Court GRANTS Oo's motion to be relieved as counsel.

## IV.  CONCLUSION

In accordance with the foregoing, the Court GRANTS General Motors' motion for summary adjudication. Oo's motion to be relieved as counsel is GRANTED.

Additionally, the Court hereby holds AA Importer in contempt of its May 10, 2007 preliminary injunction.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2065 CAS (PLAx) | Date | May 5, 2008 |
|---|---|---|---|
| Title | GENERAL MOTORS v. X-TREME TOYS CORP; ET AL. | | |

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |