Brent H. Blakely (SBN 157292)
Cindy Chan (SBN 247495)
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiff
General Motors Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL MOTORS CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>X-TREME TOYS, CORP., et al.<br><br>  Defendants.<br>_____ | CASE NO. CV 07-2065 CAS (PLAx)<br><br>***ORDER GRANTING FINAL JUDGMENT UPON CONSENT, INCLUDING A PERMANENT INJUNCTION AS TO DEFENDANTS X-TREME TOYS, et al.*** |

Plaintiff General Motors Corporation ("GM" or "Plaintiff") and Defendants X-Treme Toys Corp., Steve Cheng aka Hoa Cheng, Kelly Lam, and Tina Trinh ("Defendants") have entered into a Settlement Agreement and Mutual Release as to the claims in the above referenced matter. Defendants, having agreed to consent to the below terms, it is hereby:

**ORDERED**, **ADJUDGED**, and **DECREED** as among the parties hereto that:

1. This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2. Plaintiff GM is the owner of the registered GM HUMMER® Marks, including but not limited to, U.S. Registration Nos. 2926350, 2994281, and

/ / /

1.

3014908 for the trademarks for toys, toy vehicles, models of vehicles, hobby kits, radio controlled cars, and board games (hereinafter "GM Hummer Marks")

3. Plaintiff has alleged that Defendant's purchase and sale of toy car products bearing falsely bearing the GM Hummer Marks constitutes trademark infringement and unfair competition under the Lanham Trademark Act, 15 U.S.C. § 1051, *et seq* and under the common law.

4. Defendants and their agents, servants, employees and all persons in active concert and participation with it who receive actual notice of this Final Judgment are hereby permanently restrained and enjoined from infringing upon GM's Hummer Marks, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product bearing the GM Hummer Marks, or marks confusingly similar or substantially similar to the GM Hummer Marks, and, specifically from:

(a) using the GM Hummer Marks or any reproduction, counterfeit, copy or colorable imitation of the GM Hummer Marks in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise comprising not the genuine products of GM, or in any manner likely to cause others to believe that the Counterfeit Products are connected with GM or GM's genuine merchandise bearing the GM Hummer Marks;

(b) passing off, inducing or enabling others to sell or pass off any products or other items that are not GM's genuine merchandise as and for GM's genuine merchandise;

(c) committing any other acts calculated to cause purchasers to believe that Defendant's products are GM's genuine merchandise unless they are such; and

/ / /

(d) shipping, delivering, holding for sale, distributing, returning,

transferring or otherwise moving, storing or disposing of in any manner items falsely bearing the GM Hummer Marks, or any reproduction, counterfeit, copy or colorable imitation of same.

5. Without any admission of liability to any violation, willful or malicious, including but not limited to violation under any statute, state or federal, as well as under the Lanham Act, the parties have agreed that Defendants shall pay to Plaintiff an amount in settlement of Plaintiff's demand for damages, profits, costs, disbursements, and attorneys' fees based upon Defendants' alleged infringing activities. Plaintiff and Defendants shall bear their own costs associated with this action.

6. The execution of this Final Judgment by Counsel for the parties shall serve to bind and obligate the parties hereto.

7. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice as to Defendants X-Treme Toys Corp., Steve Cheng aka Hoa Cheng, Kelly Lam, and Tina Trinh.

## ORDER

IT IS SO ORDERED.

DATED: May 14, 2008

_____
HON. CHRISTINA A. SNYDER
**United States District Judge**